**BORDEN et al. v. SPARKS, Governor, et al.**
**Civil Action No. 280-M.**

District Court, M. D. Alabama, N. D.

Feb. 10, 1944.

Bentley G. Byrnes and George D. Smart, both of New Orleans, La., and J. L. Busby, of Birmingham, Ala., for complainants.

William N. McQueen, Atty. Gen., of Alabama, George C. Hawkins, Asst. Atty. Gen., John W. Lapsley, of Birmingham, Ala., and John E. Adams, of Grove Hill, Ala., for defendants.

Before SIBLEY, Circuit Judge, and MURPHEE and KENNAMER, District Judges.

PER CURIAM.

The Court makes the following findings of fact and conclusions of law:

### Findings of Fact

1. The complainants are individuals and labor unions functioning in the State of Alabama having membership therein of more than twenty-five, as stated in the petition.

2. The facts alleged in the petition, and not denied by the answer, are found to be true, and the exhibits annexed to the answer, together with the other bulletins issued by the Alabama Department of Labor are found to be correct.

3. The complaining labor unions, although thereto demanded by the Director of Labor, have failed to file with the Department of Labor their several Constitutions and By-Laws, as required by the Bradford Act, and are refusing to file the financial statements as required by Section 7 thereof, Code 1940, Tit. 26, § 382. The respondents are threatening under the provisions of said Act to collect penalties therefor, and to prosecute the officers of such unions if they attempt to collect dues or fines from members contrary to the provisions of said section.

4. The complainants are threatened with loss and injury that will be irreparable in such penalization and in the loss of dues, to which they ought not to be subjected if Section 7 is unconstitutional and void.

5. There is no threat of immediate prosecution or of any other irreparable injury under any other section of the attacked Act.

6. The amount involved exceeds $3,000, and the case arises under the Constitution of the United States.

### Conclusions of Law

1. The Court has jurisdiction of the cause.

2. An injunction will not issue merely because a State Act is unconstitutional. There must be an immediate threat of irreparable injury in order for a court of equity to stay enforcement by prosecution or penalty of a State Act alleged to be void.

3. No portions of the Bradford Act except Section 7 are immediately to be enforced, so that the constitutionality of other portions of it are not at all in question here, the Act containing a broad clause of severability.

4. As to Section 7 we find no contravention of any provision of the Constitution of the United States or of laws made in pursuance thereof, or of the Constitution of Alabama. The provisions touching freedom of speech are not violated, nor those relating to the equal protection of the laws. The guarantee of equal protection does not prevent reasonable classification of persons for purposes of legislation. Labor unions are of such importance to the public welfare as to have been frequently treated as a separate class for purposes of protection and encouragement, and may also be so treated for purposes of regulation otherwise. The provisions of Section 7 seem to us reasonable, and designed to obtain a legitimate end of regulation by the State under its police power.

Pursuant to the findings of fact and conclusions of law filed herewith, it is considered and adjudged that the preliminary

injunction prayed for be and the same is hereby denied.

Jurisdiction is retained in the event an appeal is taken from this order, to make such further orders as may be proper to maintain the status pending appeal.